[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In a single assignment of error, plaintiff-appellant, Miami Valley Ready Mix, Inc., appeals from the judgment of the trial court entered in favor of defendant-appellee John Jarrett, following a bench trial, on an amended complaint on an account for the sale of $36,178.54 of concrete to Jarrett Concrete, Inc. Miami Valley had delivered the concrete only after Jarrett Concrete's office secretary, defendant Lynn DeAtley,[1]
completed and signed her name to a "Credit Application." Miami Valley claimed that DeAtley was an apparent agent of John Jarrett and that the application which included John Jarrett's social-security number and driver's license number, made him a personal guarantor of the debt of Jarrett Concrete. The trial court's finding that DeAtley did not have authority to act as an agent of John Jarrett and to render him individually liable for the debts of Jarrett Concrete, Inc., is supported by some competent, credible evidence. Therefore, the judgment is affirmed.
The apparent power of an agent is to be determined by the acts of the principal and not by the acts of the agent. See Logsdon v. Abco (1956),103 Ohio App. 233, 242, 141 N.E.2d 216, 223. To establish agency by apparent authority or agency by estoppel, a party asserting the agency bears the burden of proving the following: (1) that the principal held the agent out to the public as possessing sufficient authority to act on his behalf; and (2) that the person dealing with the agent knew these facts and, acting in good faith, had reason to believe and did believe that the agent possessed the necessary authority. See id. at 241-242,141 N.E.2d at 223. Whether the elements establishing an agency by apparent authority have been proven is ordinarily a question of fact to be resolved by the trier of fact. See Heritage Oldsmobile Cadillac v. FifthThird Bank (Oct. 10, 1990), Hamilton App. No. C-890370, unreported.
DeAtley did not testify, and the evidence was insufficient to establish, directly or by inference, that Jarrett held her out as an agent with authority to bind either him or the company. Nothing in the record suggests that DeAtley told anyone that she had authority to bind the company or Jarrett individually. Furthermore, Jarrett expressly denied that she had that authority. The testimony of Miami Valley's general manager was only that his company assumed that DeAtley was an agent because managers at Miami Valley had authority to bind the company.
An appellate court will not reverse a judgment of the trial court if it is supported by some competent, credible evidence going to all the essential elements of the case or defense. See Myers v. Garson (1993),66 Ohio St.3d 610, 614 N.E.2d 742; see, also, C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In a case such as this, where the evidence is subject to more than one interpretation, we are guided by the principle that whether the case is "civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts."State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The rationale underlying this deference is that "the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and to use these observations in weighing the credibility of the proffered testimony." Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273, 1276. Because there is no evidence in the record that DeAtley had authority to bind Jarrett personally, the trial court's judgment in Jarrett's favor is supported by some competent, credible evidence. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Miami Valley Ready Mix was unable to locate or obtain service upon DeAtley.